JUDITH A. DESCALSO   ID#103211
Attorney at Law
960 Canterbury Pl., Ste. 340
Escondido, CA 92025
Phone: (760) 745-8380
Fax: (760) 860-9800

Attorney for Debtor/Defendant
NAOMI DYE-CHEN

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re ) | Case No. 06-2200-M7 | |
| ) | | |
| NAOMI DYE-CHEN , ) | ADV. No. 06-90461-JM | |
| ) | | |
| ) | ANSWER TO COMPLAINT | |
| ) | TO DETERMINE DISCHARGEABILITY | |
| Debtor(s) ) | OF DEBT | |
| _____) | | |
| MICHAEL GUERREIRO, ) | | |
| ) | | |
| Plaintiff, ) | | |
| v. ) | | |
| ) | | |
| NAOMI CHEN, ) | | |
| ) | | |
| Defendant. ) | | |
| _____) | | |

    COMES NOW, NAOMI DYE-CHEN (aka NAOMI CHEN) and answers the Complaint (the Complaint) filed herein for herself only.

    1. Defendant admits the allegations of paragraph 1 of the Complaint.

    2. Defendant admits the allegations of paragraph 2 of the Complaint

    3. Defendant admits the allegations of paragraph 3 of the Complaint.

    4. Defendant admits the allegations of paragraph 4 of the Complaint.

5.  Defendant ADMITS Plaintiff is listed in Debtor's schedules, but DENIES all of the other allegations of Paragraph 5 of the Complaint.

6.  Defendant ADMITS the allegations of paragraph 6 of the Complaint.

7.  Defendant ADMITS the allegations of paragraph 7 of the Complaint.

### FIRST CLAIM FOR RELIEF
### 11 U.S.C. §523(a)(2)(A)

8.  Defendant realleges her responses to Paragraph 1 through 7 as though fully set forth herein.

9.  Defendant admits that, based on information provided to her by a third party, she represented that Plaintiff's funds would be invested in real estate that was in foreclosure to be resold at a profit and that Plaintiff could have his money returned within ten business days. Defendant denies each and every other allegation of Paragraph 9 of the Complaint, in particular any allegations of a pre-existing, long-time friendship with Plaintiff.

10.  Defendant DENIES the allegations of Paragraph 10 of the Complaint.

11.  Defendant DENIES the allegations of Paragraph 11 of the Complaint.

12.  Defendant lacks sufficient information to admit or deny the Plaintiff's reason for investing and based on that lack of information Defendant DENIES those allegations of paragraph 12 of the Complaint.  Defendant ADMITS that Plaintiff invested the sums set forth in sub-paragraphs A and B of paragraph 12 of the Complaint.  Defendant denies each and every other allegation set forth in Paragraph 12 of the Complaint.

13.  Defendant lacks sufficient information or belief to answer the allegations of Paragraph 13 of the Complaint and based on this lack of information DENIES each and every allegation of Paragraph 13 of the Complaint.

14.  Defendant ADMITS the allegations of paragraph 14 of the Complaint.

15. Defendant DENIES the allegations of Paragraph 15 of the Complaint.

16. Defendant DENIES the allegations of Paragraph 16 of the Complaint.

17. Defendant DENIES the allegations of Paragraph 17 of the Complaint.

18. Defendant DENIES the allegations of Paragraph 18 of the Complaint.

## SECOND CLAIM FOR RELIEF
## 11 U.S.C. §523(a)(6)

19. Defendant realleges her responses to Paragraph 1 through 18 as though fully set forth herein.

20. Defendant DENIES the allegations of Paragraph 20 of the Complaint.

21. Defendant DENIES the allegations of Paragraph 21 of the Complaint.

22. Defendant DENIES the allegations of Paragraph 22 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth facts sufficient to state a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from proceeding against Defendant on the ground of estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any, that are alleged to have been caused by Defendant.

**WHEREFORE**, Defendant prays for judgment as follows:

1. For judgment in favor of Defendant.

2. That Plaintiff take nothing by his complaint

3. That Defendant be granted such other and further relief as this court may deem just and proper, including all fees and costs incurred in these proceedings.

Dated:  December 17, 2006         /s/Judith A. Descalso
                                  Judith A. Descalso
                                  Attorney for Defendant
                                  Naomi Dye-Chen